## NATIONAL FERTILIZER CO. v. FOSTER.

(Supreme Court, Appellate Division, Second Department. November 24, 1909.)

JUDGMENT (§ 954*)—RES JUDICATA—EVIDENCE AS TO IDENTITY OF CAUSE OF ACTION.

> Evidence held insufficient to show that the cause of action in suit was included in a former judgment.
>
> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1618; Dec. Dig. § 954.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by the National Fertilizer Company against William G. Foster. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

R. W. Kellogg, for appellant.

David H. Meldon, for respondent.

JENKS, J. In 1903 and 1904 the plaintiff sold fertilizer to the defendant, who, in October of the latter year, confessed judgment to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff for $349.45 and $18.35 costs. The defendant satisfied this judgment. This action was begun in 1908 to recover $77.50 on a sale made on July 13, 1904. The defendant makes general denial, and pleads as a separate defense that the account which included this item was settled by the discharge of the said confessed judgment.

It was established that the sale and delivery of this item was made. The sole question litigated was whether the item was embraced in the sum of the confessed and satisfied judgment. The contention of the plaintiff is that the item was overlooked. The defendant admitted that he did not know how the statement of that sum was made up; but he read in evidence a statement which he said he had received from the plaintiff at or about the time of the confession, which he insists sustains his contention. The statement is headed "Wm. G. Foster Account." It contains the items of two sales made in 1903, and the details of the payments thereon by cash and by notes, which extended into 1904. It also contains, under the head of 1904 account, four items of merchandise—March 16th, $186; March 16th, $48; June 1st, $31; July 13th, $77.50—with the total of these items of $342.50. Plaintiff's witness Stratton testifies that this statement was not given to the defendant in 1904, but in 1906, when it was handed to an attorney, who then represented him, in explanation of the indebtedness represented by an outstanding note.

I think that the statement itself shows clearly that the defendant is in error, and indicates that the plaintiff is right. I find in the statement the item of a note at one month, dated September 16, 1904, for $81.08, not paid, and, with the interest thereon cast from September 16, 1904, until May 31, 1906. If the statement were rendered in 1904, why would it contain the interest on a note given in 1904 for one month up to May 31, 1906? On the other hand, such an item is entirely consistent with the plaintiff's explanation. The statement in itself does not indicate that this item of $77.50 was included in the sum represented by the confessed judgment, but only that such a sale was made in 1904. The plaintiff gave evidence to show that the sum of the said judgment, $349.45, was made up of certain specified items which excluded the said $77.50, and, consequently, that if that item had been included the indebtedness of the defendant at that time would have been $426.90. The defendant does not challenge directly any of these figures, or any of the items of the sales to him.

The peculiarity of this case, so far as the plaintiff is concerned, is found in the fact of an omission of an item which it is testified was discovered a few months after the payment of the confessed judgment. When scrutinized, the defense rests upon the contention that that item was included, because naturally it should have been in such a business transaction.

I think that the verdict for the defendant was against the weight of the evidence, and that for that reason the judgment must be reversed, and a new trial must be ordered; costs to abide the event. All concur.